IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

UNITED STATES OF AMERICA,

    Plaintiff,

v.      Case No.: GJH-14-3805

$160,280.00 IN U.S. CURRENCY

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

The United States of America ("the Government") has filed a Motion to Stay in this forfeiture *in rem* action against Defendant, $160,280.00 in U.S. currency, asserting that discovery in this case will interfere with and prejudice a related pending State criminal case. *See* ECF No. 13. The Claimant, Tekita Ali, opposes the motion to stay, contending that the criminal case is not related to and will not be prejudiced by discovery in this case. *See* ECF No. 15. For the reasons stated below, the Government's Motion to Stay is Granted.

**I.    BACKGROUND**

On February 20, 2013, the Drug Enforcement Administration ("DEA") learned of the drug trafficking activities of Amir Ali. *See* ECF No. 1-1 at 1. To further their investigation, the DEA used a cooperating source to purchase crack cocaine from Ali on February 21st, May 7th, and June 16th of 2014. *See id* at 1–2. On July 31, 2014, the DEA learned that Ali had been murdered in his home, and the DEA obtained a search warrant for a safe in Ali's home. *See id.* at 2. From the safe, the DEA seized the money which is the subject of this

forfeiture action—$160,280.00. *See id.* The Government commenced a civil forfeiture action in this Court against this property by filing a verified complaint *in rem* on December 5, 2014. *See* ECF No. 1. The Government alleges that the currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it was money furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, constituted proceeds traceable to such an exchange, and was used and intended to be used to facilitate such violation. *See id.*

Tekita Ali, personal representative of Ali's Estate ("Claimant"), filed a verified claim and answer to the property on January 6, 2015. *See* ECF No. 4 & 5. On February 2, 2015, this Court issued a Scheduling Order pursuant to which the parties have exchanged discovery requests. By letter from Prince George's County Assistant State's Attorney ("ASA") Wennesa Snoddy dated April 6, 2015, the Government was advised that Arnold Johnson, the person accused of Ali's murder, is scheduled to go to trial in the Circuit Court for Prince George's County on July 14, 2015.[1] *See* ECF No. 17 at 2 n.1. ASA Snoddy advised that the State murder prosecution and the federal civil forfeiture action are intertwined and that the release of any documents, physical evidence, witness statements, police files, correspondence and other materials that may be the subject of pending or future civil discovery requests in the federal case "may prejudice the prosecution of Mr. Johnson for the murder of Mr. Ali." *Id.* The Government filed a Motion to Stay this case on April 20, 2015, and Claimant opposes the request. *See* ECF Nos. 13, 15 & 17.

II.  **DISCUSSION**

18 U.S.C. § 981(g)(1) provides: "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely

---

[1] The trial was originally scheduled for June 1, 2015 but was postponed. *See* ECF No. 13-2 & 17 at 2 n.1.

affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." Given the language of the statute, if a related criminal action is pending and the Government shows that good cause exists to stay the forfeiture proceeding, then the district court *must* grant a stay. *See United States v. All Funds in Suntrust Account Number xxxxxxxx8350, in Name of Gold & Silver Reserve, Inc.*, 456 F.Supp. 2d 64, 65 (D.D.C. 2006). "In determining whether a criminal case or investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." 18 U.S.C. § 981(g)(4). To show good cause for staying a related forfeiture case, the "[G]overnment must make an actual showing that civil discovery will adversely affect the investigation or prosecution of a related criminal case." *All Funds in Suntrust Account Number xxxxxxxx8350, in Name of Gold & Silver Reserve, Inc.*, 456 F.Supp. 2d at 65 (citations omitted). Here, the funds were seized from Ali's residence after, but on the same day, he was murdered in his home. *See* ECF No. 13 at 1 & ECF No. 15 at 1–2. The Government asks the Court to stay the litigation during the trial of Arnold Johnson, who is charged with Ali's murder. *See* ECF No. 13.

The Court is satisfied that the two cases are related. Claimant contends that the cases are not related because there are no common parties between the criminal and forfeiture cases and there is no factual connection between the forfeiture of funds seized from Ali's residence and his murder. *See* ECF No. 15 at 3. However, according to the Government, the murder of Ali arose out of the trafficking activity giving rise to the forfeiture. *See* ECF No. 13 at 5. Further, the declaration that is part of the Government's verified complaint explains that the search warrant for Ali's home, which led to the seizure of the currency, was obtained and executed on the day of

his murder. *See* ECF No. 1-1. Thus, the Government explains that the testimony of the officers who investigated Ali's house on the night of the murder will be a significant part of both the forfeiture case and the State's murder case. *See* ECF No. 17 at 2. Indeed, Claimant's current discovery requests ask for information related to the murder of Ali, including asking officers to describe their involvement in the murder investigation. *See id.* at 3–4.

The Court is also satisfied that discovery in this case would adversely affect the State's prosecution in the related criminal case. Again, Claimant's current discovery requests ask for information relating to Ali's murder investigation. *See id.* at 3–4. Nonetheless, Claimant asserts that discovery in the forfeiture case will not disrupt the criminal case because the State has an open file policy and has already turned all evidence and witness statements over to the defendant in the criminal case. *See* ECF No. 15 at 3–4. The Government responds that a significant portion of the evidence is relevant to both proceedings. *See* ECF No. 17 at 1–2. The Government contends that discovery in the forfeiture case would include depositions, interrogatories, and affidavits, which would be broader than what the defense would receive from law enforcement officers in the criminal case. *See id.* at 2. "Where civil discovery would subject the [G]overnment's criminal investigation to 'early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding,' a stay should be granted." *See All Funds in Suntrust Account Number xxxxxxxx8350, in Name of Gold & Silver Reserve, Inc.*, 456 F.Supp. 2d at 65–66 (citation omitted). Requiring the Government in this civil case to answer interrogatories concerning facts related to the criminal investigation or produce testimonial declarations from officers who conducted the investigation of Ali's home would create a risk of harm to the State's criminal prosecution. *See U.S. v. $247,052.54*, 2007 WL 2009799 at *2–3 (N.D. Cali. July 6, 2007); *U.S. v. $1,026,781.61 in Funds From Florida Capital*

*Bank*, 2013 WL 4714188 at *2 (C.D. Cali. July 29, 2013). The murder trial is scheduled for July 14, 2015 in the Circuit Court for Prince George's County, Maryland. *See* ECF No. 13-2. Thus, this stay should be short in length and should not be a significant burden on the parties.

### III. CONCLUSION

For the reasons above, the Court will grant the Government's request for stay of this proceeding until the conclusion of the related State murder trial of Arnold Johnson in Prince George's County, Maryland, which is scheduled to begin July 14, 2015. The parties shall submit a status report following the conclusion of the criminal prosecution, but in no event later than August 11, 2015, advising the Court as to whether the stay may be lifted.

A separate Order shall issue.

Dated: June 8, 2015

_____
GEORGE J. HAZEL
United States District Judge